Peregrino A. FAZON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–502.

United States Court of Veterans Appeals.

Aug. 16, 1996.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

## ORDER

PER CURIAM.

On June 28, 1996, the Court issued a memorandum decision affirming the May 13, 1994, decision of the Board of Veterans' Appeals (BVA or Board) that the appellant was not eligible for Department of Veterans Affairs (VA) non-service-connected pension benefits. The Court, citing section 402 of the Veterans' Judicial Review Act (VJRA), also determined that it lacked jurisdiction to direct any action as to a claim for service connection of post-traumatic stress disorder (PTSD) because no jurisdiction-conferring Notice of Disagreement (NOD) had been filed as to that claim. On July 10, 1996, the appellant filed a motion for reconsideration and for review by a panel of the Court under Rule 35(a) and (b) of this Court's Rules of Practice and Procedure. In a July 10 letter, the appellant submitted an additional statement in support of his concurrent motion for reconsideration and panel review.

In his motion for reconsideration and panel review, the appellant in essence contends as follows: (1) The BVA erred in finding that he did not have recognized guerilla service in the United States Armed Forces of the Far East (USAFFE) (Appellant's Motion (Mot.) for Reconsideration at 6); (2) the BVA erred in finding that he did not have qualifying military service under 38 U.S.C. § 107(a) for pension benefits either because he was a United States citizen by birth (Mot. at 8) or, in the alternative, that the "Immigration and Naturalization [sic] Act of 1990" entitled him to such benefits (Mot. at 2, 4, 5); (3) the denial of pension benefits violated his constitutional rights under the equal protection or due process clause of the Constitution of the United States (Mot. at 3, 9–10); and (4) the Court erred in finding that he had not filed an NOD as to his PTSD claim.

Because contention 2, above, insofar as it relates to the Immigration and Nationality Act (INA) is a matter of first impression, the Court has referred this question to a panel, see Frankel v. Derwinski, 1 Vet.App. 23, 25–26 (1990) (panel decision required if case establishes new rule of law; alters, modifies, criticizes, or clarifies existing rule of law; applies establishing rule of law to novel fact situation; constitutes only recent, binding precedent on particular point of law; involves a legal issue of continuing public interest; or if outcome is reasonably debatable), and the single judge will not rule on that issue in considering the motion for reconsideration.

Regarding the appellant's contention 1, the Court notes that its June 28, 1996, decision held that the service department's 1962 finding that the appellant had been a member of the Philippine Army with no recognized guerilla service (R. at 33, 77) was binding on VA for purposes of establishing

service in the U.S. Armed Forces, Philippine Commonwealth Army, or Philippine guerrillas in the service of the U.S. Armed Forces. *See Duro v. Derwinski*, 2 Vet.App. 530, 532 (1992). The appellant contends that VA should have made an effort to secure military records from "the Philippine Veteran's [sic] Affairs Office" or requested him to submit certified military records. Mot. at 6. The Court notes, however, that even if the appellant was found to have qualifying guerila service he would still not be eligible for VA non-service-connected pension benefits and that this point thus does not warrant further consideration. *See* 38 U.S.C. § 107(a).

■ Regarding the appellant's contention 2, he asserts an entitlement to pension benefits by virtue of U.S. citizenship—either because he was a United States citizen at the time of his service or because he was subsequently naturalized as a United States citizen. The Court notes that the June 28, 1996, decision rejected the appellant's argument regarding his subsequent naturalization as a United States citizen. The Court further notes that, even if it were to assume that he was a United States citizen during service in the Philippine Commonwealth Army, the determinative factor for entitlement to VA non-service-connected pension benefits is not citizenship but the type of service, and the analysis in the June 28, 1996, decision is thus still controlling. *See Florentino v. Brown*, 7 Vet.App. 369, 371 (1995) ("determinative issue is whether or not entitlement to benefits derives from service 'in the organized military forces of the government of the Commonwealth of the Philippines.' 38 U.S.C. § 107(a)").

The appellant's contention 3 regarding his entitlement to VA pension benefits concerns the constitutionality of 38 U.S.C. § 107(a) as applied in this case. The June 28, 1996, decision previously addressed this assertion. The Court noted that the U.S. Court of Appeals for the Federal Circuit, in *Talon v. Brown*, 999 F.2d 514, 517 (Fed.Cir.1993), *cert. denied*, 510 U.S. 1028, 114 S.Ct. 643, 126 L.Ed.2d 601 (1993), has upheld the constitutionality of section 107(a) as applied to a Philippine veteran who subsequently moved to the United States.

■ As to the appellant's contention 4, in the July 10, 1996, letter, he asserts that he had filed an NOD as to his claim for service connection for PTSD. The Court's June 28, 1996, decision found that no jurisdiction-conferring NOD—that is, one filed after November 17, 1988—had been filed as to the PTSD claim. The Court noted that the appellant had first raised to the Board in an August 8, 1993, letter, the issue of reopening a 1962 denial of his service-connection PTSD claim. R. at 164. He asserts that documents contained in the record on appeal (R. at 223–40) represent a valid NOD. The Court notes that the documents include a January 1963 letter from the appellant to the regional office (RO) acknowledging receipt of the December 1962 RO letter notifying him of the December 1962 RO decision denying service connection for PTSD, stating that he desired to appeal the decision, and requesting a VA Form 1–9, Substantive Appeal to the BVA, for that purpose. R. at 231. Although this letter appears to constitute an NOD under 38 C.F.R. § 20.201 (1995), and appears to render the claim still open (because the record does not contain an indication that a Statement of the Case or Form 1–9 had been forwarded to him), this NOD was filed prior to November 18, 1988. Accordingly, pursuant to section 402 of the VJRA, Pub.L. No. 100–687, 102 Stat. 4105, 4122 (1988), this Court has no jurisdiction to review that claim. In its discussion, the Court noted that the appellant had requested that his PTSD claim be reopened while his case was on appeal to the BVA. The Court further noted, as the Secretary had conceded, "the Board should have referred the claim to the RO for adjudication, and trust[ed] that the Board [would] do so expeditiously". Whether the appellant's claim is an original one or one to reopen is an issue which requires initial adjudication by the Board.

The appellant further asserts in his motion that "[s]ection 405 of the [Immigration Act of 1990] ... recognized and restored [his] active military services [sic] denied under [38 U.S.C. § 107(a)]". Mot. at 2. Section 405 of Pub.L. No. 101–649, 101 Stat. 4978, 5039 (1990), as amended by Pub.L. No. 103–416, § 104(d), 108 Stat. 4306, 4308 (1994), provid-

ed for the waiver of certain requirements of naturalization for natives of the Philippines who had served honorably "in an active-duty status under the command of the [USAFFE], or ... within the Philippine Army, the Philippine Scouts, or recognized guerilla units" during World War II. Section 405 deals specifically with the process of naturalization as provided for in 8 U.S.C. § 1440. Section 405(a)(2) provides:

(2) Subject to subsection (c), *in applying section 329 of the Immigration and Nationality Act* [8 U.S.C. § 1440], service described in paragraph (1)(B) [which includes service with the Philippine Army under clause (B)(ii)] is considered to be honorable service in an active-duty status in the military, air, or naval forces of the United States.

Pub.L. No. 101–649, § 405(a)(2), 104 Stat. at 5039 (emphasis added). Therefore, although the INA does now classify the appellant's service as active duty for *naturalization purposes,* it does so only for that purpose, under 8 U.S.C. § 1440, on the basis of certain active-duty service in the U.S. Armed Forces and not for purposes of VA benefits, which are dealt with separately in title 38 of the United States Code and for which basic eligibility is specifically defined in 38 U.S.C. § 101 and qualified in 38 U.S.C. § 107.

On consideration of the foregoing and the appellant's motion for reconsideration, it is by the single judge

ORDERED that the appellant's July 10, 1996, motion for reconsideration is DENIED.

On consideration of the foregoing, the appellant's motion for panel review, the parties' pleadings, and the record on appeal, it is by the panel

ORDERED that the appellant's July 10, 1996, concurrent motion for review by a panel is DENIED.