Thomas R. DONOVAN, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 96–196.

United States Court of Veterans Appeals.

Dec. 19, 1997.

Before KRAMER, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On December 11, 1997, the Court issued an order extending the time for issuance of the mandate until further order of the Court. *See* U.S. Vet.App. R. 41(a). On December 15, the appellant, who had been pro se, filed with the Court, through an attorney, three papers: (1) A motion to file out-of-time a motion for reconsideration; (2) a motion for reconsideration based on the enactment on November 21, 1997, of Public Law 105–111; and (3) a Notice of Appeal (NOA) to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) regarding the Court's September 29, 1997, decision. *Donovan v. Gober,* 10 Vet.App. 404 (1997).

Because the filing of the NOA to the Federal Circuit deprives this Court of jurisdiction over this case, *see Cerullo v. Derwinski,* 1 Vet.App. 195, 196 (1991) ("filing of an NOA confers plenary jurisdiction upon an appellate court"), the Court will deny the appellant's two motions as moot. Upon consideration of the foregoing, it is

ORDERED that the appellant's December 15, 1997, motion for leave to file out-of-time a motion for reconsideration and his December 15, 1997, motion for reconsideration are denied as moot.

STEINBERG and KRAMER, Judges, concurring:

The Court has no alternative but to act as it has in light of the filing of the Notice of Appeal (NOA) by the appellant. However, it seems clear that his purpose was, quite understandably, to file a protective NOA "to preserve his right to Appeal said decision [the Court's September 29, 1997, opinion, on which the Court entered judgment on October 22, 1997]". In that NOA, he noted his concurrent filing of the December 15, 1997, reconsideration-related motions and clearly implied a desire to proceed with reconsideration in this Court. Had the NOA not been filed, we would be inclined to construe his reconsideration motion as including a motion to recall the entry of judgment and to grant such motion in order to preserve the appellant's right of appeal to the Federal Circuit. However, at this point, the Court has no jurisdiction to proceed as to those motions.

At the time that the Court received the three filings, it was about to issue the following briefing order regarding the enactment of Public Law 105–111 and its effect on this case:

On September 29, 1997, the Court issued an opinion affirming a December 12, 1995, decision of the Board of Veterans' Appeals (BVA or Board) denying a claim of clear and unmistakable error (CUE) in an August 1947 Veterans' Administration (now Department of Veteran Affairs) (VA) regional office (RO) decision that denied service connection for psychoneurosis. *Donovan v. Gober,* 10 Vet.App. 404, 408–09 (1997). The appellant had been awarded service connection for post-traumatic stress disorder (PTSD) by a VARO in July 1993 and rated 10% disabled effective November 5, 1991. Record (R.) at 273.

In its September 1997 opinion, the Court held that the 1947 RO decision, which had not been appealed and had become final, had been "subsumed" by a 1988 BVA decision that had "made a de novo review and essentially reviewed the 1947 RO decision" and had then denied reopening of the same

claim. *Ibid. But see id.* at 409 (Steinberg, J., dissenting). The Court expressed its agreement with a May 12, 1995, precedential opinion of the VA General Counsel [hereinafter G.C. Prec. 14–95] that a CUE claim "under 38 C.F.R. § 3.105(a) concerning a final, unappealed [RO] decision may not be considered where the [BVA] has reviewed the entire record of the claim following subsequent reopening and has denied the benefits previously denied in the unappealed decision." G.C. Prec. 14–95 at 6; *Donovan,* 10 Vet.App. at 407–08. That G.C. opinion and the Court both relied on the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Smith (William) v. Brown,* 35 F.3d 1516, 1521 (Fed.Cir.1994), which held that prior final BVA decisions were not subject to revision for CUE. The Court concluded that permitting CUE review in a situation such as in the instant case would place the RO "in the anomalous position of reviewing the decision of the BVA, a superior tribunal", as prohibited by *Smith,* 35 F.3d at 1526. *Donovan,* 10 Vet.App. at 409; *see also* G.C. Prec. 4–5. The Court held that under "the facts here" if an RO were to find CUE in its prior determination it "would, in effect, overturn the 1988 BVA decision." *Donovan,* 10 Vet.App. at 408–09.

Although the law prior to the Court's opinion in this case was clear that a BVA decision subsumed an RO decision that was the subject of the appeal to the Board that produced that BVA decision, *see* 38 C.F.R. § 20.1104 (1997); *Elkins v. Brown,* 8 Vet.App. 391, 396 (1995) (CUE claim could not be raised as to RO decision because service connection for psychiatric disability was subject of subsuming BVA decision); *Landicho v. Brown,* 7 Vet. App. 42, 52 (1994) (claim to reopen RO denial of service-connection claim subsumed by Board decision on same question), the opinion here was the first to hold that there could be a subsuming of an **unappealed** RO decision by a later BVA decision appealing a later RO decision on reopening the same claim—a "delayed subsuming".

On October 22, 1997, the Court entered judgment in this case, but the mandate has not yet issued. Hence, this case is still before the Court on appeal. *See Zaklama v. Mount Sinai Medical Center,* 906 F.2d 645, 649 (11th Cir.1990) (" 'court retains jurisdiction over an appeal until it has issued a mandate to implement its disposition' ") (quoting *United States v. Cook,* 592 F.2d 877, 880 (5th Cir.1979), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979)); *see also McNaron v. Brown,* 10 Vet.App. 61, 63 (1997) ("[C]ourt has the power to set aside any judgment where necessary to protect the integrity of its own processes", but "strict standards govern[ ] the exercise of power to recall a mandate").

On November 21, 1997, Public Law 105–111 was enacted. It amends title 38 of the U.S.Code to add two new sections; new section 5109A codifies the VA CUE regulation, 38 C.F.R. § 3.105(a) (1997), by providing for CUE review of decisions by the Secretary, and new section 7111 supersedes the *Smith* holding by providing that prior Board decisions are "subject to revision on the grounds of [CUE]", 38 U.S.C. § 7111(a). *See* H.R.Rep. No. 105–52, at 2 (1997) ("bill would effectively codify this regulation [38 C.F.R. § 3.105(a) ], and extend the principle underlying it to BVA decisions"); S.Rep. No. 105–157, at 4 (describing *Smith* holding and contravening effect of new law).

Section 1(c) of Pub.L. No. 105–11 provides:

> (c) EFFECTIVE DATE.—
>
> (1) Sections 5109A and 7111 of title 38, United States Code, as added by this section, apply to any determination made before, on, or after the date of the enactment [Nov. 21, 1997] of this Act.
>
> (2) Notwithstanding section 402 of the Veterans Judicial Review Act (38 U.S.C. 7251 note), chapter 72 of title 38, United States Code, shall apply with respect to any decision of the Board of Veterans' Appeals on a claim alleging that a previous determination of the Board was the product of clear and unmistakable error if that claim is filed after, or was pend-

ing before the Department of Veterans Affairs, the Court of Veterans Appeals, the Court of Appeals for the Federal Circuit, or the Supreme Court on the date of the enactment of this Act.

Pub.L. No. 105–111, § 1(c), 111 Stat. 2271 (1997). In addition, new section 5109A, as to CUE in prior final RO decisions, provides that such a claim "may be made at any time after that [RO] decision is made" and that such a claim "shall be submitted to the Secretary [the RO] and shall be decided in the same manner as any other claim". 38 U.S.C. §§ 5109A(d), (e). New section 7111, as to CUE in prior BVA decisions, provides that such claims "may be made at any time after that [BVA] decision is made" and that such a claim "shall be submitted directly to the Board and shall be decided by the Board on the merits, without referral to any adjudicative or hearing official acting on behalf of the Secretary". 38 U.S.C. § 7111(d), (e).

The Court believes that the enactment of the new public law raises a number of questions about the viability of the delayed-subsuming doctrine adopted in the September 1997 opinion in this case. Thus, in order to permit the Court to receive briefing on those issues and decide them, the Court on December 11, 1997, issued an order extending the time for issuance of the mandate until further order of the Court. See U.S. VET.APP. R. 41(a) ("mandate of this Court will issue 60 days after the date of entry of judgment ... unless the time is ... extended by order"). In light of the foregoing provisions, the Court is of the opinion that further briefing is necessary on the following questions:

(1) What effect, if any, does the enactment of Pub.L. No. 105–111, and especially new section 5109A(e) (claim "to be decided in same manner as any other claim"), have on the authority of the Smith opinion as the basis for the delayed-subsuming doctrine adopted in this case?

(2) Does new section 5109A permit application of the delayed-subsuming doctrine in this case?

(3) Does new section 5109A apply to this case by virtue of section 1(c) of the public law, see also Karnas v. Derwinski, 1 Vet.App. 308, 313 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to the appellant should apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so")?

(4) Whether or not delayed subsuming is precluded by the new public law, and in view of section 1(c) of that law, (a) should the appellant's CUE claim, by virtue of any document filed with VA (e.g., his October 21, 1993, Notice of Disagreement claiming "retroactive benefits for PTSD to 7–14–47" (R. at 282), his VA Form 1–646 statement making the same claim (R. at 285), and/or his representative's written presentation to the Board stating the issue as being "[w]hether [CUE] was made in denying service connection for a psychiatric condition to include [PTSD], prior to November 5, 1991" (R. at 288)), now be considered a claim, under new section 7111, of CUE in the Board's 1988 decision, and should the case be remanded for the Board to adjudicate that claim, or (b) should the case be remanded for the Board to consider whether or not such a CUE claim is before it or, in any event, whether it will, "on [its] own motion", as provided for in new section 7111(c), review its 1988 BVA decision for CUE?

(5) Should the case be remanded for the Board to consider initially any or all of the foregoing questions?

Upon consideration of the foregoing, it is

ORDERED that the Secretary, not later than 30 days after the date of this order, file with the Court, and serve on the appellant, a supplemental memorandum addressing the above questions and any others pertinent to the effect of the enactment of Pub.L. No. 105–111 on this case. It is further

ORDERED that the appellant, not later than 30 days after service of the Secretary's response, may file a reply to the Secretary's response and shall serve a copy on the Secretary of any reply so filed. It is further

ORDERED that the Clerk of the Court invite interested amici curiae to submit memoranda on the above questions not later than the date by which the appellant's reply is due.

It is regrettable that this confluence of circumstances—as to which the Court itself contributed substantially by not recalling, in its December 11, 1997, order, its October 22, 1997, judgment—has deprived this Court of jurisdiction to obtain the briefing of the issues set forth above in order to decide the appellant's motion for reconsideration. Were the Court to be vested again with jurisdiction over this case in the near future, it seems likely that it would grant a motion to recall its judgment and grant a motion to file out-of-time a reconsideration motion itself and then proceed with the above briefing order as part of its consideration of such a reconsideration motion.