Theodore J. DITTRICH, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 96–1590.

United States Court of Veterans Appeals.

Decided Jan. 6, 1998.

Order Denying En Banc
Consideration Jan. 22, 1998. .

Kenneth M. Carpenter, Topeka, KS, was
on the brief for Appellant.

Robert E. Coy, Acting General Counsel;
Ron Garvin, Assistant General Counsel;
Adrienne Koerber, Deputy Assistant General
Counsel; and Amy S. Gordon, Washington,
DC, were on the pleadings for Appellee.

Before FARLEY, HOLDAWAY, and
GREENE, Judges.

FARLEY, Judge:

This is an appeal from an August 30, 1996,
decision of the Board of Veterans' Appeals
(BVA or Board) dismissing the veteran's
claim that a March 1960 rating decision de-
nying service connection for a psychiatric
disability was the product of clear and unmis-
takable error (CUE). This appeal is timely
and the Court has jurisdiction pursuant to 38
U.S.C. § 7252(a). For the reasons that fol-
low, the Court will affirm the Board's August
30, 1996, decision.

I.

The appellant, Theodore J. Dittrich, served
on active duty in the U.S. Army from Janu-
ary 1953 to December 1954. Record (R.) at
29. In March 1960, the veteran's claim for
service connection for psychosis was denied
by the VA regional office (RO) which found
no "evidence of a psychosis or of characteris-
tic manifestations thereof to a disabling de-
gree of 10% within a period of 1 year follow-
ing separation from active duty." R. at 128.
The veteran did not submit a timely appeal
to that decision.

In July 1965, after receiving a letter from
VA confirming that he would continue to
receive a non-service-connected pension (R.
at 210), the veteran sent a letter to the RO
stating that he wished to appeal the 1960
rating decision (R. at 212). The RO respond-
ed by letter informing the veteran that the
time limit to appeal that decision had ex-
pired. R. at 215. The RO subsequently
received additional evidence regarding the
veteran's claim for service connection and, on
December 16, 1968, issued a confirmed rating
decision denying the veteran's claim because

the evidence submitted was not new and material. R. at 228–29. The veteran filed a timely appeal and the Board issued its decision on June 18, 1969. R. at 252. The Board reopened the claim and found that (1) schizophrenic reaction was not present during the veteran's period of service, nor was it shown upon his discharge examination; and (2) schizophrenic reaction was not initially medically reported until over two years after the veteran's separation from service. R. at 255. The Board concluded that "[s]ervice connection [was] not warranted for schizophrenic reaction on the basis of incurrance or aggravation during service. It was not manifested to a degree of ten per cent [sic] (10%) or more within one year following termination of active wartime service." R. at 255.

The veteran's claims to reopen his claim for service connection were denied by the Board in 1979, 1980, 1986, 1991, and 1993. R. at 258–291. The veteran appealed the 1993 BVA decision and, on July 14, 1994, based upon the parties' joint motion, this Court dismissed the veteran's claim to reopen and remanded his claim of CUE in the March 1960 rating decision. R. at 311–20. The Board subsequently remanded the CUE claim to the RO. R. at 322–25. On June 9, 1995, the RO issued a rating decision concluding that a "well[-]grounded claim of clear and unmistakable error in [the] rating decision of 3–7–60[had] not been presented." R. at 328. By letter dated July 24, 1996, the RO returned the file to the BVA stating that pursuant to *Smith v. Brown*, 35 F.3d 1516 (Fed.Cir.1994), the RO had no jurisdiction to consider the claim. R. at 411.

It is not clear from the record on appeal whether the Board's August 30, 1996, decision was issued on the basis of an appeal by the veteran (*see* R. at 339), or as a result of the RO's July 1996 letter (R. at 411). In the August 1996 decision, the BVA found that the March 1960 rating decision had been subsumed by the June 1969 BVA decision. R. at 9–14. Accordingly, the Board concluded that no CUE claim existed as a matter of law and dismissed the claim. *Id.* This appeal followed.

## II.

■ "Previous determinations which are final and binding . . . will be accepted as correct in the absence of clear and unmistakable error." 38 C.F.R. § 3.105(a) (1996). To establish a valid CUE claim, "[e]ither the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied." *Russell v. Principi*, 3 Vet.App. 310, 313 (1992) (en banc). It is not enough for the appellant to merely ·disagree as to how the facts were weighed or evaluated.

■ In *Smith*, the Federal Circuit held, inter alia, that 38 C.F.R. § 3.105(a) was applicable only to "review of A[gency of] O[riginal] J[urisdiction] adjudicatory decisions and not to those of the Board." 35 F.3d at 1527. In *Donovan v. Gober*, 10 Vet.App. 404 (1997), this Court found that the reasoning and result in *Smith* applied to a situation in which a final, unappealed rating decision was reopened and adjudicated on the merits by the BVA. The Court held that the unappealed RO decision subsequently reviewed de novo on the merits by the Board was subsumed by that BVA decision and thus not subject to a claim of CUE as a matter of law. *Id.* at 408. Recently, in *Chisem v. Gober*, the Court affirmed the Board's dismissal of a claim of CUE in an unappealed RO decision which was subsumed by a later BVA decision addressing the same issue decided by the RO. 10 Vet.App. 526, 528 (1997). The June 1969 BVA decision reopened and fully readjudicated the same claim that was the subject of the March 1960 rating decision. The 1960 decision was therefore subsumed by the 1969 BVA decision. *See Chisem, Donovan,* and *Smith* all *supra.* Accordingly, the Board did not err in dismissing the claim.

The Court has considered the recent act amending title 38 of the U.S.Code by inserting new sections 5109A and 7111. Pub.L. No. 105–111, 111 Stat. 2272 (November 21, 1997). This act codifies 38 C.F.R. § 3.105(a) and, abrogating *Smith, supra,* in part, makes BVA decisions subject to revision by the BVA based upon CUE. *Id.* Judicial review of a BVA decision denying a claim of CUE in an earlier BVA decision would then be available. The act, however, does not affect the Court's decisions in *Chisem* and *Donovan.* Pursuant to the Court's holdings in those cases, the March 1960 RO decision was subsumed by the June 1969 BVA decision and

that RO decision, therefore, is not subject to a CUE claim. Although sections 5109A and 7111 may have made the June 1969 BVA decision itself subject a CUE claim, a BVA decision on such a claim is not now before this Court.

### III.

Upon consideration of the record and the briefs of the parties, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert, supra.* Accordingly, the August 30, 1996, decision of the Board of Veterans' Appeals is AFFIRMED.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

### ORDER

PER CURIAM:

A judge of the Court having called for en banc consideration of this appeal, and a majority of the Court having voted against such consideration, it is

ORDERED that initial consideration of this appeal by the en banc Court is denied.

STEINBERG and KRAMER, Judges, dissenting: We voted for en banc review of the panel opinion in this case (issued on January 6, 1998) and of the proposal that briefing be sought by the en banc Court or the panel on the issue of the effect of the enactment, while this case was pending on appeal, of Pub.L. No. 105–111, 111 Stat. 2271 (Nov. 21, 1997) (regarding clear and unmistakable error (CUE) claims), on the doctrine of "delayed subsuming" as adopted in *Donovan v. Gober*, 10 Vet.App. 404, 407–08 (1997), and *Chisem v. Gober*, 10 Vet.App. 526, 528 (1997).

The panel opinion in this case disposes of a complex issue without having received briefing from either party and does so in a totally conclusory manner, as follows:

This act [Pub.L. No. 105–111] codifies 38 C.F.R. § 3.105(a) [1997] and, abrogating *Smith, supra*, in part, makes [Board of Veterans' Appeals (BVA or Board)] ... decisions subject to revision by the BVA based upon CUE. *Id.* Judicial review of a BVA decision denying a claim of CUE in an earlier BVA decision would then be available. The act, however, does not affect the Court's decisions in *Chisem* and *Donovan*. Pursuant to the Court's holdings in those cases, the March 1960 RO decision was subsumed by the June 1969 BVA decision and that RO decision, therefore, is not subject to a CUE claim. Although sections 5109A and 7111 may have made the June 1969 BVA decision itself subject [to] a CUE claim, a BVA decision on such a claim is not now before this Court.

*Ante* at 11–12. Moreover, not only has no briefing been received by the Court in this case but none has been received in any other case on the effect of Pub.L. No. 105–111, although the Court was in the process of ordering such briefing in *Donovan* when the appellant there filed an appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), thus divesting this Court of jurisdiction over that appeal, *see Cerullo v. Derwinski*, 1 Vet.App. 195, 196 (1991); *Donovan v. Gober*, 11 Vet.App. 2 (1997) (per curiam order) (Steinberg and Kramer, JJ., concurring).

The Court's opinion in *Dittrich* holds that a CUE claim as to an unappealed and therefore final 1960 Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) decision was not able to be raised under *Smith (William) v. Brown*, 35 F.3d 1516, 1527 (Fed.Cir.1994) (holding that CUE review applies only to prior final decisions of agencies of original jurisdiction (ROs) and not to prior decisions of the Board), because that final VARO decision was "subsumed" by a 1969 BVA decision and was "thus not subject to a claim of CUE as a matter of law." *Ante* at 11. The Court

stated in *Dittrich:* "The June 1969 BVA decision reopened and fully readjudicated the same claim that was the subject of the March 1960[RO] rating decision." *Ibid.*

On September 29, 1997, the Court issued its opinion in *Donovan* affirming a December 12, 1995, decision of the Board denying a claim of CUE in an August 1947 RO decision that had denied service connection for psychoneurosis. *Donovan,* 10 Vet.App. at 408–09. The appellant there had been awarded service connection for post-traumatic stress disorder (PTSD) by an RO in July 1993 and rated 10% disabled effective November 5, 1991. In its September 1997 opinion, the Court held that the 1947 RO decision, which had not been appealed and had become final, had been "subsumed" by a 1988 BVA decision that had "made a de novo review and essentially reviewed the 1947 RO decision" and had then denied reopening of the same claim. *Donovan,* 10 Vet.App. at 408. *But see id.* at 409 (Steinberg, J., dissenting). The Court there expressed its agreement with a May 12, 1995, precedential opinion of the VA General Counsel [hereinafter G.C. Prec. 14–95] that a CUE claim "under 38 C.F.R. § 3.105(a) concerning a final, unappealed [RO] decision may not be considered where the [BVA] has reviewed the entire record of the claim following subsequent reopening and has denied the benefits previously denied in the unappealed decision." G.C. Prec. 14–95 at 6; *Donovan,* 10 Vet.App. at 407–08. That G.C. opinion and the Court both relied on the Federal Circuit's opinion in *Smith* holding that prior final BVA decisions were not subject to revision for CUE. The Court concluded in *Donovan* that permitting CUE review in a situation such as in the instant case would place the RO "in the anomalous position of reviewing the decision of the BVA, a superior tribunal", as prohibited by *Smith,* 35 F.3d at 1526. *Donovan,* 10 Vet.App. at 409; *see also* G.C. Prec. 14–95 at 4–5. The *Donovan* Court thus reasoned that under "the facts [t]here" if an RO were to find CUE in its prior determination it "would, in effect, overturn the 1988 BVA decision." *Id.* at 408–09.

The law prior to the Court's opinion in *Donovan* was clear that a BVA decision sub-

sumed an RO decision that was the subject of the appeal to the Board that produced that BVA decision. *See* 38 C.F.R. § 20.1104 (1997); *Elkins v. Brown,* 8 Vet.App. 391, 396 (1995) (CUE claim could not be raised as to RO decision because service connection for psychiatric disability was subject of subsuming BVA decision); *Landicho v. Brown,* 7 Vet.App. 42, 52 (1994) (claim to reopen RO denial of service-connection claim subsumed by Board decision on appeal on same question). However, the opinion in *Donovan* was the first to hold that there could be a subsuming of an *unappealed* RO decision by a later BVA decision appealing a later RO decision on reopening the same claim—a "delayed subsuming".

On November 21, 1997, Public Law 105–111 was enacted. It amended title 38 of the U.S.Code to add two new sections; new section 5109A codifies the VA CUE regulation, 38 C.F.R. § 3.105(a), by providing for CUE review of decisions by the Secretary, and new section 7111 supersedes the *Smith* holding by providing that prior Board decisions are "subject to revision on the grounds of [CUE]", 38 U.S.C. § 7111(a). *See* H.R.Rep. No. 105–52, at 2 (1997) ("bill would effectively codify this regulation [38 C.F.R. § 3.105(a) ], and extend the principle underlying it to BVA decisions"); S.Rep. No. 105–157, at 4 (describing *Smith* holding and contravening effect of new law).

Section 1(c) of Pub.L. No. 105–11 provides:

(c) EFFECTIVE DATE.—

(1) Sections 5109A and 7111 of title 38, United States Code, as added by this section, apply to any determination made before, on, or after the date of the enactment [Nov. 21, 1997] of this Act.

(2) Notwithstanding section 402 of the Veterans['] Judicial Review Act [VJRA] (38 U.S.C. 7251 note), chapter 72 of title 38, United States Code, shall apply with respect to any decision of the Board of Veterans' Appeals on a claim alleging that a previous determination of the Board was the product of clear and unmistakable error if that claim is filed after, or was pending before the Department of Veterans Affairs, the Court of Veterans Appeals,

the Court of Appeals for the Federal Circuit, or the Supreme Court on the date of the enactment of this Act.

Pub.L. No. 105–111, § 1(c), 111 Stat. at 2271–72. In addition, new section 5109A, as to CUE in prior final RO decisions, provides that such a claim "may be made at any time after that [RO] decision is made" and that such a claim "shall be submitted to the Secretary [the RO] and shall be decided in the same manner as any other claim". 38 U.S.C. § 5109A(d), (e). New section 7111, as to CUE in prior BVA decisions, provides that such claims "may be made at any time after that [BVA] decision is made" and that such a claim "shall be submitted directly to the Board and shall be decided by the Board on the merits, without referral to any adjudicative or hearing official acting on behalf of the Secretary". 38 U.S.C. § 7111(d), (e).

We believe that the enactment of the new public law raises a number of questions about the viability of the delayed-subsuming doctrine adopted in the September 1997 opinion in *Donovan*. Along the lines of the concerns expressed in our concurring statement to the December 19, 1997, order denying as moot the appellant's motion for reconsideration in *Donovan, supra*, we believe that the following issues as to the facts of this case require briefing by the parties here:

(1) What effect, if any, does the enactment of Pub.L. No. 105–111, and especially new section 5109A(e) (claim "shall be decided in same manner as any other claim"), have on the authority of the *Smith* opinion as the basis for the delayed-subsuming doctrine adopted in *Donovan?*

(2) Does new section 5109A permit application of the delayed-subsuming doctrine in this case?

(3) Does new section 5109A apply to this case by virtue of section 1(c) of the public law (making new sections 5109A and 7111 applicable to any determination whenever made and providing that judicial review is available with respect to a claim alleging CUE in a final BVA decision even though no VJRA section 402 Notice of Disagreement has been filed as to such a claim), *see also Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to the appellant should apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so")?

(4) Whether or not delayed subsuming is precluded by the new public law, and in view of section 1(c) of that law, (a) should the appellant's CUE claim, by virtue of any document filed with VA, now be considered a claim, under new section 7111, of CUE in the Board's June 1969 decision, and should the case be remanded for the Board to adjudicate that claim, or (b) should the case be remanded for the Board to consider whether or not such a CUE claim is before it or, in any event, whether it will, "on [its] own motion", as provided for in new section 7111(c), review its June 1969 BVA decision for CUE, *cf. Fazon v. Brown*, 9 Vet.App. 319, 321 (1996) (per curiam order) ("[w]hether the appellant's claim is an original one or one to reopen is an issue which requires initial adjudication by the Board")?

(5) Should the case be remanded for the Board to consider initially any or all of the foregoing questions, *cf. Fazon, supra?*

It is regrettable that the Court has chosen to rush to judgment on these issues without the opportunity to be enlightened by the adversarial process. On our part, we believe that we would be in a better position to resolve the rather complex questions set forth above were we first to receive the views of the parties.